Appeal of **SCHEFFLER HAIR COLOR-**        Docket No. 77.
**INE CO.**

A corporation in which invested capital is a material income-producing factor, and more than 50 per cent of whose gross income consists of gains, profits, or income derived from trading as a principal, is not entitled to classification as a personal service corporation under the provisions of Section 200 of the Revenue Act of 1918.

Submitted October 29, 1924; decided November 15, 1924.

*Arthur B. Hyman, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, MARQUETTE, and STERNHAGEN.

FINDINGS OF FACT.

1. The Scheffler Hair Colorine Co. is a New York corporation and was organized in 1909 to continue a business theretofore conducted by William W. Scheffler.

2. The capital stock of said corporation consisted of 10 shares of a par value of $100 each, which were issued to said Scheffler at the time of organization in exchange for a secret formula for the manufacture of a hair colorine or hair dye, office furniture, and a few labels and cartons. The secret formula was the principal and only asset of the corporation which had any material value. Scheffler was president of the corporation and sole stockholder thereof until his death in January, 1918, and received a salary from the corporation of $12,000 per year, which was approximately its yearly earnings.

3. At the time of its organization the Colorine Co. entered into a contract with the New York Hair Co., by the terms of which it granted to that company the exclusive agency for its product, and the entire output of petitioner was sold to said New York Hair Co. The petitioner maintained its office with the New York Hair Co., and all the ingredients used in the manufacture of the hair colorine were purchased for the petitioner by the New York Hair Co., charged to its account, and this account was credited with deliveries of the hair colorine and any balance due petitioner paid to it. During the year 1918 there was purchased for the petitioner by the New York Hair Co. ingredients to the amount of $13,000, and the only work performed by the Colorine Co. in the manufacture of hair colorine was the mixing thereof in accordance with the secret formula. The entire income of the corporation was derived from the sale by it to the New York Hair Co., of the hair colorine.

4. At his death William Scheffler left a last will and testament wherein he bequeathed the stock of petitioner, which constituted his entire estate, one-half to Leonora M. Dillon, one-fourth to his three children, and one-fourth to Jacques Stuart. The validity of the will was questioned, and during the entire year 1918 the business of the Colorine Co. was conducted by the executors appointed in said last will and testament.

5. By letter dated July 10, 1924, the Commissioner proposed to assess against petitioner an additional tax for 1918 amounting to $1,327.48, resulting from a denial by the Commissioner to classify petitioner as a personal service corporation and further held that petitioner was entitled to no relief under the special relief provisions of the Revenue Act of 1918.

The taxpayer has appealed on both questions, but the only question before us at this time is the question of personal service classification.

### DECISION.

A corporation in which invested capital is a material income-producing factor, and more than 50 per cent of whose gross income consists of gains, profits, or income derived from trading as a principal is not entitled to classification as a personal service corporation under the provisions of section 200 of the Revenue Act of 1918, and the determination of the Commissioner denying personal service classification to petitioner for 1918 is approved.

### OPINION.

MARQUETTE: Section 200 of the Revenue Act of 1918 in defining a personal service corporation sets forth four conditions, all of which must concur to entitle a corporation to classification thereunder, and these conditions are each a question of fact.

The term means a corporation (1) whose income is to be ascribed primarily to the activities of the principal owners or stockholders; (2) who are regularly engaged in the active conduct of the affairs of the corporation; (3) in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include (4) any foreign corporation, nor any corporation 50 per cent or more of whose gross income consists of gains, profits, or income derived from trading as a principal, etc.

It is not necessary to discuss all the elements above set forth with relation to the facts herein, as we think the petitioner is not a personal service corporation within the meaning of the statute for two reasons: First, it appears that the corporation had invested capital in the shape of a secret formula which was its only asset of any material value, and from which formula its product was compounded with ingredients purchased for it and on its account by the New York Hair Co. Without deciding whether the products so purchased constituted borrowed capital to petitioner it is evident that the secret formula for mixing the colorine gave to the preparation its value as a merchantable article. It was invested capital of the corporation and, as such, was a material income-producing factor. Second, the gross income of petitioner was derived from the manufacture and sale by it of its product to the New York Hair Co. It had income from no other source. The facts found show that by contract the petitioner granted to the New York Hair Co. the exclusive agency for its product; that this product was compounded by petitioner from its secret formula and the entire output was sold to the said New York Hair Co.

The statute provides that the term *personal service corporation* does not include " any corporation 50 per centum or more of whose

gross income consists (1) of gains, profits, or income derived from trading as a principal ". We are satisfied that the manufacture and sale by a corporation of an article of merchandise constitutes trading as a principal within the meaning of the law; and that personal service, as contemplated by the statute, is entirely wanting.