*62 OPINION.
Marquette:
Section 200 of the Revenue Act of 1918 in defining a personal service corporation sets forth four conditions, all of which must concur to entitle a corporation to classification thereunder, and these conditions are each a question of fact.
The term means a corporation (1) whose income is to be ascribed primarily to the activities of the principal owners or stockholders; (2) who are regularly engaged in the active conduct of the affairs of the corporation; (3) in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include (4) any foreign corporation, nor any corporation 50 per cent or more of whose gross income consists of gains, profits, or income derived from trading as a principal, etc.
It is not necessary to discuss all the elements above set forth with relation to the facts herein, as we think the petitioner is not a personal service corporation within the meaning of the statute for two reasons: First, it appears that the corporation had invested capital in the shape of a secret formula which was its only asset of any material value, and from which formula its product was compounded with ingredients purchased for it and on its account by the New York Hair Co. Without deciding whether the products so purchased constituted borrowed capital to petitioner it is evident that the secret formula for mixing the colorine gave to the preparation its value as a merchantable article. It was invested capital of the corporation and, as such, was a material income-producing factor. Second, the gross income of petitioner was derived from the manufacture and sale by it of its product to the New York Hair Co. It had income from no other source. The facts found show that by contract the petitioner granted to the New York Hair Co. the exclusive agency for its product; that this product was compounded by petitioner from its secret formula and the entire output was sold to the said New York Hair Co.
The statute provides that the term personal service corporation does not include “ any corporation 50 per centum or more of whose *63 gross income consists (1) of gains, profits, or income derived from trading as a principal We are satisfied that the manufacture and sale by a corporation of an article of merchandise constitutes trading as a principal within the meaning of the law; and that personal service, as contemplated by the statute, is entirely wanting.